**DREYFUSS et ux. v. COMMISSIONER OF INTERNAL REVENUE.**

No. 10737.

Circuit Court of Appeals, Fifth Circuit.

Feb. 28, 1944.

Rehearing Denied May 1, 1944.

Geo. S. Atkinson, of Dallas, Tex., for petitioners.

Elizabeth B. Davis, Sewall Key, Robert N. Anderson, and S. Dee Hanson, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Bernard D. Daniels, Sp. Atty., Bureau of Internal Revenue, both of Washington, D.C., for respondent.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

The four cases, being numbered 108225, 108226, 111226, and 111227, involve deficiencies in individual income taxes in the aggregate amount of $3,596.28 for the taxable years of 1938 and 1939. On motion, they were consolidated and tried together by the Tax Board.

The question: Are taxpayers entitled, under Section 23(k) of the Revenue Act of 1938 and the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 23(k), to deductions in the aggregate sum of $76,699.74 as bad debts for the taxable years 1938 and 1939? This amount represents out-

standing indebtedness of the Dallas Athletic Association which was guaranteed and assumed by Sol Dreyfuss, one of the taxpayers, prior to those years, in exchange for all the Association's assets. Revenue Act of 1938, c. 289, 52 Stat. 447, § 23 (k), Internal Revenue Code, § 23, as amended by section 124 of the Revenue Act of 1942, c. 619, 56 Stat. 798; Treasury Regulations 101, promulgated under Revenue Act of 1938, Art. 23(k)-1.

The pertinent facts: Taxpayers are husband and wife. They reside at Dallas, Texas. Their separate returns for the years 1938 and 1939 were filed on a cash receipts and disbursements basis. The deductions which taxpayers reported on a community basis arose from property and assets situated in Texas.

The Dallas Athletic Association was a Texas corporation which was dissolved on October 11, 1937. Before dissolution it owned the Dallas Baseball Club, a member of the Texas Baseball League. Taxpayers owned as community property 83% of the capital stock of that corporation. The Dallas Athletic Association lost money in all the years subsequent to 1929, and taxpayer, Sol Dreyfuss, had loaned it large sums of money throughout the years 1930-1937, inclusive, for current operating expenses. In addition to the indebtedness to Sol Dreyfuss, it owed the Republic National Bank & Trust Company a large amount of money.

On May 10, 1930, Sol Dreyfuss executed and delivered a guaranty to Republic National Bank & Trust Company, guaranteeing any and all indebtedness or other liability which the Association might then or at any time thereafter owe the bank. On July 16, 1936, Sol Dreyfuss executed another guaranty to the same bank guaranteeing payment of all indebtedness or other liability, fixed or contingent, which the Association then owed the bank.

On December 30, 1937, the president and directors of the Association, empowered to act as trustees by the judgment of dissolution, adopted a resolution authorizing the conveyance of all the Association's property and assets to Sol Dreyfuss. In this conveyance the directors and trustees, through certain of the officers, conveyed to Sol Dreyfuss all property and assets of every kind owned by the Association in consideration of the release by Dreyfuss of all indebtedness held by him against the Association and his agreement to assume all other indebtedness of every kind whether "heretofore guaranteed by him or not". On this day, and pursuant to the resolution, all the assets of the Association were transferred to Sol Dreyfuss. The assets at that time had a value not in excess of $200,000. Liabilities of the Association immediately before the transfer aggregated the sum of $338,985.12. In 1938 Sol Dreyfuss sold all the assets of the Association, which had been sold and transferred to him, for the sum of $140,000.

On October 14, 1938, Sol Dreyfuss paid to the Republic National Bank and Trust Company the sum of $50,000 to apply on a total of $90,500 worth of notes which he had previously guaranteed. On or about October 14, 1938, taxpayer paid the amount of $14,199.74 to cover other debts of the Association. The total of these amounts was charged off on taxpayers' books and records in the year 1938 as bad debts and was deducted in their separate income tax returns. During the calendar year 1939 Sol Dreyfuss paid to the bank the sum of $12,500 to apply on the balance of $40,500 owed to it. The item of $12,500 was charged off on taxpayers' books and claimed as bad debt deduction in their separate 1939 tax returns.

Upon the basis of the pertinent facts, the Tax Court, affirming the Commissioner's determinations, held that the debts in question became the debts of the taxpayer on the assignment of the Association's assets and liabilities to the taxpayer, and therefore, as the taxpayers' debts, they were not allowable for bad debt deductions. From the decision of the Tax Board the taxpayers have petitioned this court for review.

Taxpayers contend that since three years must elapse from the dissolution of the Association in which to close its business they should be allowed to claim deductions for bad debts in question. They overlook the assignment of 1937, in which Sol Dreyfuss assumed all the Association's indebtedness, including the amount owed him, the consideration being all the assets of the Association. From the date of that sale and transfer, the debts of the Association became the debts of Sol Dreyfuss. Moreover, it becomes patent that when taxpayers paid the assumed indebtedness to the bank in the years 1938 and 1939 they were paying the debts of Sol Dreyfuss and not the debts of the Association. Dex-

924

ter v. Commissioner, 1 Cir., 99 F.2d 769, and cases there cited.

The decisions of the Tax Board are Affirmed.